**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERONICA O. HUGGINS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 17-5437 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is Veronica O. Huggins's ("Plaintiff's" or "Claimant's") appeal of the Commissioner of Social Security's (the "Commissioner's" or "Defendant's") decision denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). (D.E. No. 1). The Court has subject-matter jurisdiction under 42 U.S.C. § 405(g). The Court decides this matter without oral argument. *See* L. Civ. R. 78.1(b). For the reasons below, the Court AFFIRMS the decision of the Commissioner.

## I. Factual and Procedural Background

On June 19, 2014, Plaintiff applied for DIB and SSI, alleging "chronic, debilitating back pain." (D.E. No. 22 ("Pl. Br.") at 3). The applications were denied by the agency responsible for initial disability determinations on November 13, 2014, and denied again upon reconsideration on May 29, 2015. (D.E. No. 18 ("R.") at 76, 77, 111 & 112). Plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Bernadette Freeman the on October 5, 2016.

1

(*Id.* at 35). The hearing included testimony by Plaintiff and a Vocational Expert ("VE"), William T. Slaven III. (*Id.* at 36). The ALJ issued an unfavorable decision on November 8, 2016, finding that Plaintiff was not disabled within the meaning of the Act. (*Id.* at 19–34). The Appeals Council denied Plaintiff's request for review, making the unfavorable ALJ decision the final decision of the Commissioner. (*See id.* at 5–8).

Plaintiff filed this civil action seeking review of the Commissioner's final decision on July 25, 2017. (D.E. No. 1). The main contention in support of the appeal is that the ALJ's disability determination is "marred by legal error and not supported by substantial evidence." (Pl. Br. at 12). Defendant filed an opposing brief (D.E. No. 26 ("Def. Br.")), to which Plaintiff replied (D.E. No. 29 ("Pl. Rep. Br.")).

## II. Legal Standards

### A. Disability Determination

To be eligible for DIB and SSI, a claimant must be disabled under the Act. *See generally* 42 U.S.C. §§ 423 & 1382. The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A); 20 C.F.R. § 404.1505(a). The Social Security Administration uses a five-step evaluation process to determine whether a claimant seeking disability benefits is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant has the burden of proof in Steps One through Four, and the Commissioner has the burden of proof in Step Five. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

In Step One, claimants must show that they are not engaged in gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If claimants are engaged in gainful activity, then they are not disabled. *Id.* In Step Two, claimants must show that they have a severe medically determinable physical or mental impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). The impairment or combination of impairments must be expected to result in death or be continuous for at least twelve months. 20 C.F.R. § 404.1509. In Step Three, claimants must show that the severity of their impairments meets or is medically equivalent to the "Listings of Impairments" of 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment meets this requirement, then the claimant is disabled. *Id.* If it does not, the analysis proceeds.

Before proceeding to Step Four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv). An individual's RFC encompasses physical and mental activities a claimant is able to engage in despite his or her impairments. 20 C.F.R. § 404.1545(a)(1). In Step Four, claimants must show that their RFC makes them incapable of performing their past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If claimants can still do their past relevant work, he or she is not disabled. *Id.* If not, the analysis proceeds.

In Step Five, the Commissioner must show that the claimant can adjust to other work in light of the claimant's RFC, age, education, and work experience. If claimants can adjust to other work, then they are not disabled. 20 C.F.R. § 404.1520(a)(4)(v).

### B. Standard of Review

This Court has plenary power to review legal issues decided by the ALJ but reviews the ALJ's factual findings for "substantial evidence." *See* 42 U.S.C. § 405(g); *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). The Court accords the ALJ's findings significant weight and deference. *Young v. Comm'r of Soc. Sec.*, No. 11-1310, 2012 WL 762262, at *3 (D.N.J. Mar. 6, 2012).

Congress has declared that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(a). The Court is entitled to conduct a qualitative evaluation of whether the ALJ's decision is supported by substantial evidence. *Young*, 2012 WL 762262, at *3.

Substantial evidence is "more than a mere scintilla" but "it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). The Court must uphold the Commissioner's determinations if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The ALJ's findings that are supported by substantial evidence are conclusive "even if [the Court] would have decided the factual inquiry differently." *See Hartranft*, 181 F.3d at 360. The Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)). The ALJ's failure to meet the substantial evidence standard will normally warrant remand. *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003). An error is harmless and does not warrant remand, however, if it "would have had no effect on the ALJ's decision." *Id.*

The ALJ is entitled to "weigh the credibility of the evidence" in making factual determinations. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). In doing so, the ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Id.* Such an indication tells the reviewing court whether "significant probative evidence was not credited or simply ignored." *Id.* (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). The Court of Appeals has noted that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the

function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

### III. The ALJ's Decision

After following the five-step disability determination required by 20 C.F.R. § 404.1520, the ALJ concluded that Claimant had not been disabled between June 16, 2014, the alleged onset date of her disability, and November 8, 2016, the date of the ALJ's decision. (*See generally* R. at 19–34). At Step One, the ALJ determined that Claimant had not been engaged in substantial gainful activity ("SGA") since June 16, 2014. (*Id.* at 24 (holding that Claimant's current part time job as a crossing guard did not meet SGA requirements)).

At Step Two, the ALJ determined that Claimant had two severe medically determinable impairments causing more than minimal functional limitations: lumbar degenerative disc disease and lumbago. (*Id.* at 25). At Step Three, however, the ALJ determined that the severity of Claimant's impairments did not meet the criteria of any listed impairment. (*Id.*).

At Step Four, the ALJ determined that Claimant's RFC made her unable to perform any past relevant work. (*Id.* at 28). The ALJ determined that Claimant had the RFC to perform "light work" as defined in 20 CFR 404.1567(b) and 416.967(b). (*Id.* at 25). Specifically, the ALJ determined that Claimant "would be able to stand and/or walk for up to 4 hours and sit for up to 6 hours; however, she would require a sit-stand at will option with sitting for 30 minutes and standing for 45 minutes while staying on task." (*Id.*). The ALJ credited the VE's determination that Claimant's past job as a cashier-checker would be too physically demanding for someone with Claimant's RFC to perform. (*Id.* at 28).

Finally, at Step Five, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 29 (crediting VE's

determination that a person with Claimant's age, education, work experience, and RFC could perform jobs such as office helper, information clerk, and routing clerk)).

Accordingly, the ALJ determined that Claimant was not disabled under the meaning of the Act. (*Id.* at 30).

## IV. Discussion

Both of Plaintiff's main arguments concern the ALJ's determination that Plaintiff had the RFC to perform less than the full range of light work. First, (A) Plaintiff contends that the ALJ erred in its opinion weight analysis when analyzing the opinions of consultative examiner Dr. Marc Weber and State agency physicians Dr. Hortensia Kelly and Dr. Ibrahim Housri; and second, (B) Plaintiff contends that the ALJ erred by failing to evaluate Plaintiff's subjective complaints of pain properly. (Pl. Br. at 12).

### A. The Opinion Evidence

Plaintiff raises two objections to the ALJ's evaluation of opinion evidence. First, Plaintiff argues that the ALJ erred in assigning little weight to consultative examiner Dr. Weber's opinion. (Pl. Br. at 13). Plaintiff argues that this was an error because Dr. Weber's opinion was consistent with opinions from the Center for Joint and Spine Relief and Plaintiff's treating physician, Dr. Jurado. (*Id.*). Second, Plaintiff argues that the ALJ erred by failing to consider the RFC determination provided by Dr. Kelly and affirmed by Dr. Housri. (*Id.* at 15).

The ALJ rejected Dr. Weber's opinion that Plaintiff was limited to a restricted range of sedentary work because it was inconsistent with the record. (R. at 28). Plaintiff contends that this determination was not supported by substantial evidence in the context of contemporaneous treatment records and the findings of State agency physicians. (Pl. Br. at 13–17). Plaintiff states that the ALJ rejected Dr. Weber's opinion "in part, because while he found Plaintiff had a right-

6

sided limp, the ALJ cites earlier treatment records, which had recorded her gait as normal." (Pl. Br. at 13). Plaintiff argues that the ALJ failed to recognize that "Plaintiff's chronic pain and other impairments worsened after she fell on a walk in May 2016 – just weeks before Dr. Weber's consultative exam." (*Id.*). Plaintiff further contends that Dr. Weber's opinion was consistent with the treatment records from Dr. Jurado and the Center for Joint and Spine Relief, where she received chiropractic care in August and September 2016. (*Id.* at 14).

The Court does not find these arguments persuasive. In determining RFC, the ALJ is required to "weigh the credibility of the medical and non-medical evidence." *Yensick v. Barnhart*, 245 F. App'x 176, 181 (3d Cir. 2007) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001)). "When a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).[1]

The Court of Appeals has established that in justifying his or her determination, "the ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Here, in a paragraph that included specific examples from the record which did not support the conclusions reached by Dr. Weber, the ALJ explained her decision to give Dr. Weber's opinion little weight. (*See* R. at 28). The explanation provided by the ALJ was sufficient to meet the threshold level of specificity required by caselaw. *See, e.g.*, *Chapman v. Comm'r of Soc. Sec.*, No. 17-5561, 2018 WL 6499870, at *7 (D.N.J. Dec. 11, 2018).

Further, the ALJ's evaluation of Dr. Weber's opinion is supported by substantial evidence. Dr. Weber opined that Plaintiff was limited to a restricted range of sedentary exertion. (R. at 421–

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

7

32). But Plaintiff's treatment records from before and after her May 2016 fall, as well as her MRI and x-ray exams, show that Plaintiff had at most mild degenerative disc disease, exhibited a lumbar range of motion with only moderate limitations, and consistently displayed full strength and a normal gait. (*See id.* at 27–28, 285, 437, 486 & 500); *see also Hubert v. Comm'r Soc. Sec.*, 746 F. App'x 151, 153 (3d Cir. 2018) (holding that the ALJ properly evaluated medical opinion evidence when the ALJ gave physician's opinion little weight, citing inconsistencies with objective medical evidence and the plaintiff's reported daily activities).

Plaintiff argues that Dr. Weber's opinion is consistent with opinions from the Center for Joint and Spine Relief and her treating physician, Dr. Jurado. (Pl. Br. at 15–17). This argument is not persuasive. Dr. Weber's opinion that Plaintiff was sedentary was based in part on his observation that Plaintiff walked with a right-sided limp. (R. at 422). But the record indicates that Plaintiff was consistently reported by both Dr. Jurado and the Center for Joint and Spine Relief as having a normal gait. (*Id.* at 437, 489, 493 & 500). Plaintiff contends that this discrepancy was due to an injury she sustained the month before Dr. Weber's June 8, 2016 examination, yet examination records from after June 8, 2016 also report Plaintiff as having a normal gait. (*Id.* at 437 & 500). Reports from the Center for Joint and Spine Relief from August and September 2016 state that Plaintiff "ambulate[d] independently" but had "difficulty heel and toe walking on the right leg due to pain and/or weakness although manual muscle testing show[ed] 5/5 throughout." (*Id.* at 436–47). Plaintiff, moreover, reported that she "exercises by walking." (*Id.* at 439).

Dr. Jurado's report in August 2016 similarly does not contain evidence that Plaintiff was limited to a restricted range of sedentary exertion. (*Id.* at 495–501). Dr. Jurado's report states that "patient ambulates to the examination room without assistance. She is able to sit comfortably on the examination table without difficulty or evidence of pain." (*Id.* at 500). After Plaintiff's most

recent medical examination in September 2017, Dr. Jurado's report indicates that his recommendations to Plaintiff were weight reduction, diet modification, and encouragement to exercise. (R. at 501).

Plaintiff contends that the ALJ erred by failing to explicitly reference Plaintiff's May 2016 fall. (Pl. Br. at 13). If the absence of that specific reference is an error at all, the Court rules that it was harmless. *See Woodson v. Comm'r Soc. Sec.*, 661 F. App'x 762, 766 (3d Cir. 2016) (holding that an ALJ's analysis which was lacking but was not harmful to the plaintiff's claim does not warrant remand). As previously discussed, the ALJ considered medical opinions from both before and after Plaintiff's fall in determining her RFC (*see generally* R. at 25–28), leading the Court to conclude that the ALJ's determination would not have changed had the ALJ simply mentioned Plaintiff's fall in her discussion. *See Woodson,* 661 F. App'x at 766.

Plaintiff further contends that the ALJ erred by not considering the State agency physicians' RFC determination that Plaintiff was sedentary. (Pl. Br. at 15 & 16). ALJs must evaluate findings by non-examining state agency physicians as opinion evidence. *Bowser v. Barnhart*, 84 F. App'x 241, 244 (3d Cir. 2004). But medical source opinions on issues reserved to the Commissioner, such as RFC determinations, are not considered medical opinions for this purpose. 20 CFR 404.1527(d)(2) ("[A]n ALJ must consider findings of state agency medical consultants as opinion evidence, except for the ultimate determination as to whether a claimant is disabled."). The ALJ gave great weight to Dr. Kelly's determination of Plaintiff's exertional limitations (R. at 28), but the ALJ was not required to adhere to Dr. Kelly's RFC determination. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.").

Further, Plaintiff does not provide any indication that the ALJ's determination of her RFC would have differed if the ALJ had considered Dr. Housri's opinion: Dr. Housri's opinion merely affirmed Dr. Kelly's findings. (R. at 95-110). Thus any error by the ALJ in not mentioning Dr. Housri's affirmation of Dr. Kelly's opinion was harmless. *See Crosby v. Barnhart,* 98 F. App'x 923, 926 (3d Cir. 2004) (holding that it was harmless error for ALJ to reject Plaintiff's fiancé's affidavit when the information in the affidavit mirrored the information provided by the Plaintiff).

### B. Plaintiff's Subjective Complaints of Pain

Plaintiff further contends that the ALJ's RFC determination was erroneous because the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain. (Pl. Br. at 17–21). While the ALJ is not required to credit a claimant's subjective complaints of pain, they require careful consideration. *Chandler*, 667 F.3d at 363. But a reviewing court "typically defers to an ALJ's credibility determinations." *See Leach v. Barnhart*, 94 F. App'x 910, 912 (3d Cir. 2004) (citing *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003)).

The Social Security Regulations provide a framework under which the ALJ must consider a claimant's subjective complaints. *See* 20 C.F.R. § 404.1529; *see also* SSR 16-3p, 2016 WL 1119029 (March 16, 2016). First, the ALJ must determine whether there is an underlying medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms. 20 CFR 404.1529(c). Second, if a medically determinable impairment is found, the ALJ must evaluate the "intensity, persistence, and limiting effects" of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. *Id.* The ALJ may discredit the claimant's statements as to the "intensity, persistence, and limiting effects" of their symptoms if they are not supported by objective medical evidence. 20 CFR 404.1529(c)(4).

The ALJ properly followed that process as required by the Regulations. (*See* R. at 25–27). The ALJ's decision dedicated approximately two, single-spaced pages to a discussion of Plaintiff's complaints of pain and whether they can be substantiated by objective medical evidence. (*See id.*). The ALJ considered Plaintiff's testimony and cited specific medical evidence to determine that Plaintiff had a medically determinable impairment that could reasonably cause her reported symptoms. (*Id.* at 27). The ALJ concluded, however, that Plaintiff's statements as to the "intensity, persistence, and limiting effects" of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*); *see Davis v. Comm'r Soc. Sec.*, 105 F. App'x 319, 322 (3d Cir. 2004) (holding that the ALJ sufficiently evaluated a claimant's testimony when the ALJ devoted two pages to a discussion of claimant's subjective complaints and cited Claimant's daily activities and objective medical reports).

The ALJ sufficiently explained her decision to discredit Plaintiff's statement that she was limited to sedentary exertional activities by pointing to specific objective medical and nonmedical evidence as required by 20 C.F.R. §§ 404.1529(c). (*See* R. at 27); 20 C.F.R. § 404.1529(c)(2) (objective medical evidence is "evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques"); 20 C.F.R. § 404.1529(c)(3) (other evidence considered includes claimant's daily activities; prior work; location, duration, frequency of pain; aggravating factors; side effects of medication; treatment received; measures used to relieve symptoms; and other factors); 20 C.F.R. § 404.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether you are disabled.").

The evidence cited by the ALJ in support of her determination that Plaintiff's statements were unsubstantial included, but was not limited to: Plaintiff's normal MRI and x-ray exams (R. at 285 & 486); normal neurological exams (*Id.* at 489, 493 & 500); consistently normal gait and ability to ambulate independently (*id.*); ability to work as a crossing guard for four hours per day (R. at 42); and ability to perform daily activities such as tending to personal care, doing housework, driving, walking, reading, and attending church (*Id.* at 55–60). (*Id.* at 25–27).

To the extent that the ALJ's failure to address Plaintiff's statement about the side-effects of her medication amounts to error, it is harmless. None of the medical testimony indicated that Plaintiff's mental status was diminished; in fact, Plaintiff was continuously described by Dr. Jurado as "alert and oriented to time, place and person." (*Id.* at 489–500). There is no reason to believe that the ALJ's disability determination would have differed had she considered Plaintiff's statement that her medication "relaxes [her] muscles" and makes her feel as though she is "in a different world." (*Id.* at 53); *see Schmidt v. Comm'r Soc. Sec.*, 465 F. App'x 193, 199 (3d Cir. 2012) (holding that ALJ's failure to explicitly discuss side effects of the claimant's medication was harmless because the only evidence supporting the existence of those side effects was the claimant's own conclusory statements that were not supported by medical evidence in the record).

## V.    Conclusion

For the above reasons, the Court AFFIRMS the decision of the Commissioner. An appropriate order will accompany this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**